VILLANTI, Judge.
The State appeals the dismissal of certain criminal charges filed against Talvon Ackerman, Caleb Helm, William Ickes, Vernon Johnson, Timothy Kelleher, and Rose Mayes. Each of these defendants had at least one charge filed against them for delivery, sale, and/or possession of controlled substances under section 893.13, Florida Statutes,[1] and each of these defendants sought dismissal of those charges based on the alleged facial unconstitutionality of section 893.13.
The trial court dismissed the charges at issue based on its finding that section *180 893.18 was unconstitutional pursuant to Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (M.D.Fla.2011), rev’d, 691 F.3d 1348 (11th Cir.2012). Because the Florida Supreme Court upheld the constitutionality of section 893.13 in State v. Adkins, 96 So.3d 412 (Fla.2012), we reverse the order of dismissal and remand with instructions that the trial court reinstate the charges as to each of these defendants.
Reversed and remanded for further proceedings.
SILBERMAN, C.J., and CRENSHAW, J., Concur.

. Defendant Johnson was charged under section 893.13, Florida Statutes (2010), while the remaining defendants were charged under section 893.13, Florida Statutes (2011). The applicable language of the two statutes is the same.